UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KONDOT S.A.,

    Petitioner,

        - against -

DURON LLC,

    Respondent.

**PETITION TO CONFIRM AND ENFORCE
PARTIAL FINAL ARBITRATION AWARD**

Petitioner Kondot S.A. ("Kondot"), by and through its attorneys, Lennon, Murphy & Phillips, LLC, for its Petition herein, states as follows:

**NATURE OF PROCEEDINGS**

1. Kondot brings this summary proceeding pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. §§ 201 *et seq.*, and the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1 *et seq.*, to confirm an arbitration award issued in New York City in Petitioner's favor against Respondent Duron LLC ("Duron").

**THE PARTIES**

2. At all times material hereto, Kondot was and still is a foreign business entity duly organized and existing under the laws of a foreign country with a business address at Hunkins Waterfront Plaza, Suite 556, Main Street, Charlestown, Nevis, and was the disponent owner of the ocean-going vessel M/V HANZE GENDT ("Vessel").

3.     At all times material hereto, Duron was and still is a domestic business entity with offices at 3771 SW 27th Ln., Miami, Florida. and was the charterer of the M/V HANZE GENDT.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this proceeding pursuant to 9 U.S.C. §§ 201 and 203 as it involves an action to enforce an arbitral award subject to the Convention and 28 U.S.C. §§ 1333 in that the underlying contract was for the charter of an ocean-going vessel, and hence this constitutes an admiralty and maritime claim. In addition, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and more than $75,000, exclusive of interest and costs, is at stake in this controversy.

5.     Venue in this Court is proper pursuant to 9 U.S.C. § 9 and/or § 204 and 28 U.S.C. § 1391 (d).

6.     This Court has personal jurisdiction over Duron as the agreed-upon arbitration clause designated New York as the place of arbitration and Duron participated in the arbitration in New York City.

## BACKGROUND FACTS

7.     On April 17, 2020, Duron as Charterer and Kondot as Disponent Owner entered into a voyage charter party contract ("the Charter"), which provided for loading of a cargo of wheat in Galveston, Texas between April 23-28, 2020, and gave Duron the option to discharge the cargo in either Matarani, Peru or Puerto Cabello, Venezuela.  *See Appendix A attached hereto.*

8.     On April 30, 2020, the parties entered into Addendum No. 1, which changed the loading port from Galveston to Houston City, where the cargo was expected to be ready on May 4, 2020 and provided for Duron to pay vessel detention fees per day pro rata; and increased the freight for both optional discharge ports.  *See Appendix B attached hereto.*

9. On May 8, 2020, the Vessel completed loading the wheat and bills of lading were issued, identifying Matarani, Peru as the discharge port.

10. On May 11, 2020, Duron paid Kondot $793,656.68 in lump sum freight.

11. On May 23, 2020, the Vessel arrived at Matarani, Peru and waited for orders to discharge.

12. Duron, however, failed to comply with its obligation to discharge the cargo as its sale of the wheat to its customer had fallen through.

13. On May 29, 2020, Duron and Kondot entered into Addendum No. 2 to the Charter, which provided, in part, that the Vessel would sail toward Puerto Cabello, Venezuela to discharge the entire cargo; Duron would pay Kondot a $365,600 lump sum in additional freight; that if the detention and lump sum freight were not paid by Duron into Kondot's bank account by the time the Vessel arrived at Balboa, Panama, the Vessel would drop anchor until the funds were received; and Kondot would not pay Panama Canal crossing fees until the funds were received, with any transit delays to count as further detention to be paid by Duron to Kondot. *See Appendix C attached hereto.*

14. On June 5, 2020, the Vessel arrived at Balboa, although Duron had failed to pay the $365,000 lump sum freight to Kondot.

15. On July 1, 2020, the Vessel was still at anchor in Balboa, and counsel for Kondot demanded that Duron provide adequate assurance of performance by remitting $500,000 to Kondot's bank account by 1100 hours on July 2, 2020, and that Duron provide voyage instructions no later than 1200 on July 3, 2020.

16. Having received no assurance of performance from Duron, Kondot demanded arbitration on July 2, 2020.

17. On July 24, 2020, the parties, through counsel, negotiated a further agreement under which Duron would make a $500,000 unconditional lump sum payment to Kondot within one business day of the further agreement; Kondot, upon receipt, would make immediate arrangements to clean the Vessel's hull, re-bunker the Vessel at Balboa, and commence sailing toward Matarani; and the parties would execute a third addendum to the Charter changing the discharge port back to Matarani, stipulating the amount of lump sum freight to be paid by Duron, and conferring on Kondot a lien on the cargo for all outstanding freight, detention, and demurrage.

18. Duron failed to make the unconditional payment and, thereby, failed to comply with the July 24 further agreement.

19. On July 28, 2020, Kondot terminated the Charter on the basis of Duron's total material breach and repudiation of the charter party contract and addenda thereto.

20. Thereafter, the arbitration between the parties proceeded on an emergency basis on Kondot's application for an award confirming the termination of the charter party was valid.

21. On August 17, 2020, the arbitrators issued a unanimous Partial Final Award granting Kondot's emergency application and declaring that Duron repudiated the April 17, 2020 Charter and Addenda, as a result of which Kondot was entitled to accept Duron's repudiation and terminate the Charter. *See Exhibit 1 to the Declaration of Patrick F. Lennon.*

22. On March 25, 2021, the arbitrators issued a unanimous Partial Final Award on Security, ordering Duron to post a $2,000,000 bond by April 25, 2021 as security for Kondot's damages claims. *See Exhibit 2 to the Declaration of Patrick F. Lennon.*

23. In ordering such security, the arbitrators found, and the parties agreed, that the arbitrators were empowered to order pre-award security in accordance with Section 30 of the Maritime Arbitration Rules of the Society of Maritime Arbitrators.

24.     The arbitration clause in the Charter provides that this Award may be made a rule of the Court and the Award itself so provides.

25.     Despite due demand, Duron has not posted the $2,000,000 bond and the time for it to do so under the Partial Final Award on Security has expired.

### **THE AWARD IS ENTITLED TO CONFIRMATION**

26.     This Petition has been brought within the time period required by the Convention and FAA.

27.     There are no valid grounds to vacate, modify, or refuse to confirm the Partial Final Award on Security.

28.     There are no pending applications to vacate or modify the Award.

29.     Accordingly, the Partial Final Award on Security must be confirmed as a valid and enforceable final arbitration award pursuant to 9 U.S.C. § 207 and 9 U.S.C. § 9.

WHEREFORE, Petitioner respectfully prays that the Court enter an order, pursuant to 9 U.S.C. § 207 and/or 9 U.S.C. § 9, confirming the Partial Final Award on Security against Respondent Duron and directing that judgment be entered thereon in this Court, together with interest, costs and attorneys' fees incurred in connection with this proceeding, and such other and further relief as the Court may deem just, proper, and equitable.

Dated: April 28, 2021

                                              Respectfully submitted,

                                              KONDOT S.A.

                                              By: _____
                                              Patrick F. Lennon, Esq.
                                              Kevin J. Lennon, Esq.
                                              Keith W. Heard, Esq.
                                              LENNON MURPHY & PHILLIPS, LLC
                                              The GrayBar Building
                                              420 Lexington Ave., Suite 300
                                              New York, NY 10170
                                              pfl@lmplaw.net
                                              kjl@lmplaw.net
                                              kwh@lmplaw.net